First case of our call today is Agenda No. 5, 130082. People of the State of Illinois v. Robert D. Dyas. Counsel for the Appellant, are you prepared to receive? Good morning, Your Honors. I may please the courts. I am Assistant Attorney General Eldon Malamud on behalf of the people. This court should reverse the judgment of the Appellate Court which vacated the trial court's denial of defendant's motion to withdraw his guilty plea. As a threshold matter, the Appellate Court lacked jurisdiction in this case because the operative notice of appeal was not filed within 30 days of the order denying defendant's Rule 604D motion. This is a straightforward application of this court's recent decision in People v. Walls. I will gladly answer any questions about that. But otherwise, I will focus my presentation today on the remaining non-jurisdictional issues should this court decide to exercise its supervisory authority over this case. Could you maybe expand on your jurisdictional argument? Sure. So a defendant who pleads guilty is required to file a notice of appeal within 30 days following the denial of a Rule 604D motion. So the defendant must first file the 604D motion. If that motion is denied, then the defendant has 30 days to file a notice of appeal. And that actually occurred in this case. The trial court denied his motion to withdraw his appeal in October of 2018. The defendant filed the notice of appeal in November 2018. But subsequently, the defendant filed in the Appellate Court a motion to withdraw, to dismiss, voluntarily dismiss the appeal. The Appellate Court granted that motion, thereby ending that case. Now the matter continued to the trial court where the defendant had filed a motion to reconsider the denial of the Rule 604D motion. So what was the first thing that happened with that? Didn't the trial court say no one had jurisdiction at the beginning of this appellate process? The trial court said it did not have jurisdiction to entertain it because it was pending in the Appellate Court, correct? The Appellate Court granted the motion to dismiss the appeal, saying that... But back in the trial court, what was happening? Oh, the trial court. Excuse me, Your Honor. Back in the trial court, so the defendant had filed, after the denial of the Rule 604D motion, the defendant filed a document which the court interpreted as a Rule 604D motion. That was denied. Then, the defendant filed a motion to reconsider, and then filed a notice of appeal. Now this court in Walls stated that that motion to reconsider is an unauthorized successive post-judgment motion. And so that would not have told... That's exactly right, Your Honor. ...the time. That did not tell the time within which the defendant could file a notice of appeal. So the trial court, properly, dismissed or struck the motion to reconsider and sent the matter up to the Appellate Court, which was the proper thing to do. Now then, defendants filed a counseled motion to dismiss that appeal, subsequently. And that appeal, that motion, was granted. So then the matter went back to the trial court. And then it wasn't until the spring of 2022 that defendants then filed... There was a whole series of other proceedings in the trial court. There was counsels appointed, and eventually the motion to reconsider was denied. What happened in between? Because it had been... The trial court had initially found that it did not have jurisdiction to hear the motion to reconsider because there was an appeal pending in the Appellate Court, correct? That's right. And what happened back in the trial court after the appeal was dismissed? Was there a new filing? How did that happen? So the matter was remanded by the Appellate Court to deal with the motion to reconsider. And then the counsels appointed and counsel filed an amended motion to reconsider at some point later. And that was then the matter, the motion that was then denied. But all those intervening proceedings in the trial court didn't toll the time within which to file a Notice of Appeal. And so when the Notice of Appeal that brought the current appeal was filed in March 2022, I believe it was March, that was years late. And so the Appellate Court didn't have jurisdiction to address the matter. This was not noticed by the parties or the court, and the court went on to address the non-jurisdictional issues. But the Appellate Court did not have jurisdiction under People v. Wallace. What should the defendant have done? Because this was kind of weird in that he filed that motion to reconsider, the appeal was pending, he withdrew the appeal, and then it went back. I mean, it's a little wonky. What should the defendant have done? Well, the defendant should not have moved to dismiss the appeal, which had been properly filed. So the trial court did the right thing, struck the motion to reconsider, sent the matter up for appeal, and defendant should have gone forward with his properly filed appeal, and the matter could have been addressed that way, as was eventually done in the subsequent appeal, for which the Appellate Court had no jurisdiction. Because once that Notice of Appeal was filed, the trial court didn't have jurisdiction to do anything. That's correct, Your Honor. When you say the Notice of Appeal was properly filed, it was filed within 30 days of the October 2018 order? There was a Notice of Appeal filed, yes, in November 2009. But it was within a 30-day period. Yes, that was properly and timely filed. So that appeal properly went up and should have been briefed on the merits, and then the Appellate Court could have rendered a decision and so forth. When the Appellate Court dismissed the appeal, that case was over. Exactly, Your Honor. And then the subsequent Notice of Appeal did not confer jurisdiction. It led to a completely separate proceeding with a different case number, all that, and there was no properly filed Notice of Appeal, which grants conferred jurisdiction to the Appellate Court in that later, differently numbered, separate proceeding. So, unless the Court has further questions on the jurisdictional issue, I will turn to the matters that the Court will address if it decides to exercise its supervisory authority over the case. And assuming that it does, this Court should first hold that Rule 401A admonitions Let's stop there. So, obviously this Court has supervisory authority. But obviously, as well, this Court should be very careful about how it employs that authority. Do we just overlook jurisdiction and move on? Is that what you're suggesting we do? Well, it's absolutely right, Your Honor, that supervisory authority is limited to this Court and should only be exercised in certain situations. And those circumstances are when the normal appellate process is foreclosed and the matter will address issues important to the administration of justice. Now, it's absolutely true that this Court can vacate, can reverse the Appellate Court, and if jurisdiction is an important issue, and this Court could reverse just on that basis to reconfirm the importance of jurisdiction and the Appellate Court's need to address that matter. But, in this case, the normal appellate process is foreclosed because the Appellate Court didn't have jurisdiction because it mistakenly granted defendants' motion to dismiss the appeal, and the case addresses what is now at least a conflict in the Appellate Court about whether 401 admonitions are necessary for a post-judgment defendant, which is an important issue to the administration of justice. Counsel, as Justice Tice said, jurisdiction exercising our supervisory authority is something to be done sparingly. Should it matter how jurisdiction was lost? This case is a procedural nightmare, and does it matter or should it matter to us how that happened if the appellant essentially invited the loss of jurisdiction? Should that make a difference? Well, Your Honor, this Court has not, as far as I know, stated that the manner in which jurisdiction was lost is necessarily a main consideration in whether this Court should exercise its supervisory authority. In this case, it's absolutely true that jurisdiction was lost by an action of defendants, and the Court could consider that. Defendant will, I believe, not to put words in defendant's mouth, argue that defendant was following what was at that time perceived to be precedent, stating that the motion to reconsider could toll the time. That was an Appellate Court case called People v. Feldman, which this Court overruled in People v. Walls. So, as I said, it is absolutely within this Court's purview to reverse simply based on the jurisdictional issue. And, in fact, as Your Honor brings out, it was defendant's actions which brought about the lack of jurisdiction in the Appellate Court. But assuming this Court decides to look beyond that and to exercise its supervisory authority, this Court should hold that 401A admonitions are not required for post-judgment defendants. That is because the plain language of 401 doesn't apply post-judgment, and because this Court has promulgated other rules to address what admonitions are given in that context. And then this Court should also find that defendant, that his post-judgment waiver was knowing and voluntary because he was well-informed of the choice to either proceed pro se or to accept the representation of appointed counsel, and he chose not to do so. Counsel, how do these other rules adequately protect the rights of a party in post-plea proceedings? Well, Your Honor, they provide the relevant admonitions to a defendant in that context. So this Court has promulgated a seamless set of rules which applies the most relevant admonitions to a defendant at the various stages of litigation. And so post-judgment, Rule 605 provides the admonitions that are relevant to that defendant. So 605 requires certain admonitions based on whether a defendant was the judgment was entered pursuant to a trial following a plea not guilty or a guilty plea. In this context, when there's a negotiated plea of guilty, Rule 605C requires that defendant to be admonished that he or she has the right to an appeal, that before that appeal is filed that the defendant must file a Rule 604D motion to withdraw the guilty plea, that if the motion is granted, a trial would be set on the charges, that any charges that were dismissed pursuant to the negotiated guilty plea could be reinstated, and significantly, that defendant has a right to counsel, and if the defendant is indigent, that counsel will be appointed. And then Rule 604D requires that if counsel, that if a defendant files a pro se, an uncounseled motion to withdraw the guilty plea, that the court appoints counsel unless the defendant does not want counsel. So Rule 605 covers what is relevant to a defendant post-judgment. And indeed, if we look at Rule 401, it would be redundant to give those admonitions to a defendant post-judgment because a defendant has already been admonished of everything in there. So Rule 401A requires a defendant to be admonished about the nature of the charge. Well, at the guilty plea hearing, Rule 402A requires a defendant to be admonished about the nature of the charge. Rule 401B requires a defendant to be admonished about the sentencing exposure. Well, Rule 402B requires at the plea hearing for a defendant to be admonished about the sentencing exposure. And then Rule 401C addresses the right to counsel. And as just discussed, Rule 605C already has just covered the right to counsel. So everything in Rule 401 has also been covered. And you would just be admonishing defendants of things that the defendant has already been admonished about. So instead, Rule 605 provides the appropriate admonishments for that defendant. And Rule 401, by its plain language, doesn't apply post-judgment. So Rule 401 applies to a person accused of an offense punishable by imprisonment. But what does it mean to be accused? It means to be brought before a magistrate and had legal proceedings initiated against the person. It means being charged with an offense by an indictment or an information. Once that person has been found guilty by a jury or a judge and then sentenced, that defendant is no longer accused. That defendant is convicted. And so Rule 401A's plain language doesn't apply to a defendant. And that's the way that the word accused is used throughout Illinois law. We set forth in our briefs certain examples of this. And so there's a distinction between accused and convicted. And indeed, that's also a distinction recognized by the United States Supreme Court. So in the Betterman v. Montana case, the issue there was whether the Sixth Amendment right to a speeding trial applied to the sentencing stage. And the Sixth Amendment applies to a person accused of an offense. And so the Supreme Court said that only applies to the charging and trial stage. That does not apply to the sentencing or post-judgment phase. And because this has been the way this term has been used, indeed, the Betterman case goes through it throughout the legal history. So it's a meaning that is not only used this way in Illinois law, but is used this way by the Supreme Court and by jurisprudence generally. So turning to the final issue, because the 401A admonitions are not required, the only issue is whether a defendant made a knowing and intelligent waiver of his right to counsel. And under this court's decision in People v. Leslie, the defendant did so. People v. Leslie explained that if a defendant is informed that he or she can continue with appointed counsel or proceed pro se, and that the defendant chooses not to cooperate or not to be represented by appointed counsel, then that defendant has knowingly, involuntarily, and intelligently waived the right to counsel and must proceed pro se. That's exactly what happened here. On multiple occasions, the defendant was informed that he had the right to his appointed counsel. And he was asked explicitly and told explicitly, if you don't accept this representation, you will be proceeding pro se. He was asked what his choice was. He said, I don't accept this representation. That is a knowing and intelligent waiver of his right to counsel. Counsel, what's the standard of review on these issues that are reported for? Well, if we're talking about the jurisdiction, that would be de novo review. If we're talking about the issues with respect to Rule 401, interpretation of that rule would also be de novo. It's a legal question. And then when we turn to the issue of the waiver, then there's some slight confusion based on precedent. But the better standard would be to review any legal matters de novo, but to defer to the trial courts with respect to any factual determinations that that court makes. Review those, this court has said, only for an abuse of discretion. And so what factual determinations were made by the trial court? Well, the determinations made were that defendant's knowledge of the choices that he had before him, with respect to whether to proceed with counsel or whether to proceed pro se. So here the relevant determinations are his knowledge of that choice. And also with respect to his knowledge of generally his right to counsel under the legal system. And the court went through the various factors in that more generally with respect to his age, his education, his experience. So the court addressed those matters. And those decisions that resulted from the trial court would be reviewed for an abuse of discretion under this court's precedent. I see my time is up. Unless the court has any further questions, we would ask the court to reverse the judgment of the appellate court. Thank you very much, counsel. Counsel Kliath-Lee. Good morning. Stephen Gentry representing Robert Dias. Just I want to address a couple of matters pertaining to the jurisdiction question here. And I, first of all, want to clarify the timeline a little bit. I'm not sure if it was clear. The motion to reconsider in this case was filed November 2nd, 2018. The notice of appeal was filed a couple of weeks after that on the 14th, and it was file stamped on the 19th. So there was a motion to reconsider filed before that first timely notice of appeal was filed. Second of all, I want to point out that the appellate court's first response to that initial timely filed notice of appeal was not simply to dismiss the appeal at the request of the defendant. It was also to remand the case with instructions to the circuit court to address the motion to reconsider. And that was pursuant, as counsel noted, to what was then good law out of Fifth District, People v. Feldman, which established that motion to reconsider did toll the time. And so at that point, the case went back to the circuit court pursuant to the instructions of the appellate court. Counsel, can we back up a little bit? So Feldman came from the Fifth District. This case is not out of the Fifth District, right? That's true. And what about the fact that Feldman is contrary to the plain language of Rule 606B? How do we look at that? Well, this court has already overruled Feldman. I mean, we acknowledge that. At the time, however, the appellate court considered it to be good law and gave instructions to the circuit court to respond accordingly. The state certainly did not object at that time. It didn't object back when it was in the circuit court. And according to the state, Mr. Dias, even though he filed a timely notice of appeal and at that point was relying on advice of counsel and on the orders of the appellate court. Also, I want to point out the state did not appeal the order of the appellate court sending it back to the circuit court. So where Mr. Dias did everything that was asked of him and was simply relying on the court and his attorneys who were in good faith executing the laws they understood it to be at that time. Certainly, Mr. Dias does not concede the issue of jurisdiction. But where the state does agree that it is appropriate that supervisory, that this court exercise its supervisory powers in this case, Mr. Dias agrees that it should do so not just for the administration of justice and the importance of that, but also out of fairness to Mr. Dias would be denied his right to appeal were this court to refuse to hear this case where he did everything filing the timely notice of appeal and relying on prior courts that he could reasonably be asked to do. So you said you're not conceding jurisdiction. So it's still your position that the appellate court had jurisdiction? Correct. Moving on to the substance of this appeal, this court should review this. It's procedurally unusual. It's a case that really could only happen with respect to cases that are pending while Walls was decided, basically, because Mr. Dias can't go back and comply with Walls now. It's too late. But this court should affirm the appellate court's decision to remand this case because the purported waiver of counsel is inadequate. First, Mr. Dias never made a clear and unequivocal request to waive counsel. He did, as the state points out, complain about the counsel that he was appointed. But he had specific concerns with this counsel, and these concerns were recognized by the circuit court when prior to the counsel appearing, the court indicated that it did not believe that Mr. Cappellini would be appointed in that case. Are you saying that that was error on the part of the court? So here, the court clearly indicated that counsel would be appointed for Mr. Dias, and Mr. Dias did not want the counsel that was chosen. And the trial court tried to accommodate him and then said, these are your only choices. Either you accept the appointed counsel or you have to proceed on your own. Are you saying that that was error? What was error was the court finding a waiver of counsel because Mr. Dias did complain about that attorney and said that he did not want that attorney to represent him. But he also, at the exact same time, said that he did not want to represent himself. So what was the court to do? Well, every inference is to be drawn against waiver of counsel. The court should not have removed counsel from the case. So what should counsel have done? I forget what county this is, but there are only so many lawyers who are available to be appointed. The judge said, here is someone who will represent you. And the defendant says, no, I don't want him. What should the trial court do? The court could have done a couple of different things, Your Honor. The court could have instructed counsel and the defendant to try to continue working together rather than giving up on the situation at that point. Or the court could have appointed other counsel. Those are two options that could have been. Is the court required to keep appointing different counsels? What case are you citing for that? In other words, this is not an unusual situation. We've seen that there are a lot of cases we've seen where there's an appointed counsel, the defendant doesn't want that person, and then generally the defendant is given a choice. Do you want to represent yourself, or will you accept the counsel who's been appointed? Well, in People v. Leslie, Your Honor, this court found that where the defendant rejects one choice and is silent as to the other choice, it can be reasonably inferred that they're choosing that which they're being silent about. But this is not that case. Here the defendant was given two choices and rejected both of them. But, Your Honor, so ultimately the defendant does not have a right to choose who his appointed counsel will be. Is that correct? That is correct, Your Honor. And I want to make it clear that that is definitely not what is going on here. In Mr. Dias's own words, he told the court, I'm not asking for a specific counsel, but I'm asking for counsel other than him. So what does that mean? What does that mean? You know, I'm not asking for a specific person, but specifically not him. Well, it's asking for a specific counsel is saying, you know, I would like Alan Dershowitz to represent me, Your Honor. But that's not what happened here. He's saying, I have a problem with this journey, and it was not unbased either. There were concerns that this is a counsel who had appeared at arraignment, and so there were complaints that Mr. Dias had with how he had been treated at that time. And after meeting with him after the guilty plea, he concluded that Mr. Capellini was not cooperating with him. Counsel, Mr. Dyer rejected three different lawyers. He wasn't happy with any of the three lawyers and then suggested that perhaps the judge could appoint someone from Peoria County. Does the judge have authority to appoint counsel from another county? I don't have any authority saying that the judge has the power to appoint counsel from another county. But that's what the defendant asked for. He was dissatisfied with any of the attorneys appointed in Bureau County, so he wanted someone from outside the county. He suggested that as an option, Your Honor. I don't know that there was a third attorney that Mr. Dias was unable to work with. After remand, a third attorney. Oh, yeah. There were three that he didn't like. He did not like any of the three attorneys that were assigned to him. Sure. Well, that's not uncommon, Your Honor. But I can say that with respect to the third attorney. Well, I ask you again, counsel, when that happens, what is the trial court supposed to do? If the trial court has exhausted the possibilities of appointed counsel for that county, what is he supposed to do, or she? Sure, Your Honor. Clearly, by the appointment of the third attorney on remand, the court had not exhausted the possibilities. And while Mr. Dias may not have liked his third attorney, he was cooperative with him and was able to have working relationships with him on remand. So I think that that experience on remand demonstrates that Mr. Dias was not attempting to delay or frustrate the administration of justice, that he had specific complaints about his attorney that were stemming from his actual experience and that he was. In fact, I would also point out to this court that prior to the guilty plea, Mr. Dias properly waived counsel, and that was because he was wanting to speed up the administration of justice. He was concerned that his first attorney had health problems that were preventing him from being able to work on the case, and he wanted access to the law library. And the information that he got there was that he was trying to communicate with the two attorneys who he did have problems with. That was the genesis of the problem. It was not him trying to be uncooperative or delay or frustrate justice. So on the day of this, when the court, it's October 24th, 17, and the court says, you know, I'm going to conclude this matter or discharge a public defender, the matter is saying that at that point the defendant said, if I decide to keep Hannaberry, but wasn't the dispute about the law library rather than counsel? He says that he wants to be able to still have access to the law library, and the trial court said, if you have counsel, I'm not going to do that. And he goes, and I have to conclude the matter, and he discharged a public defender, but then the defendant says, but I don't, and that's the last, because the trial court had cut him off at that point and discharged Hannaberry, and that's when he becomes standby counsel. Is that the time frame that you're talking about, that he didn't knowingly or voluntarily actually waive counsel? Is that the point at which you're saying that occurred, or is there a different date? On October 19th, 2017, Mr. Dice requested a new attorney. So that, in my instance, is the earliest date. Don't they come back to court and have that actual hearing then on the 24th of October? Counsel was waived on the 24th. And so I understand at that hearing the defendant told that he wanted counsel back, but he also wanted access to the law library, and that he would keep that counsel if he could go to the library. So is that when you're saying that this was not him waiving his right to counsel, but he wants to make sure that he has access to the law library? He was definitely waiving counsel then, Your Honor. I don't want us to get too bogged down on this, because the operative waiver was subsequent to this. This was one that is not an issue in this appeal. But it is true that he did want access to the law library, and it stemmed to Counsel Henneberry, the initially appointed counsel, having health problems and being unable to be there. Henneberry was not in court on October 20th, and he had a pre-scheduled surgery. So, Counsel, we've been spending some time, and we talked about jurisdiction, and we talked about whether or not there was a proper waiver of counsel. How does the admonition fit in? Thank you, Your Honor. If this Court assumes for the sake of argument that Mr. Dice did waive counsel, it was not knowing and intelligent because it was not accompanied with admonishments consistent with Rule 401. The State suggests that it should not apply here based on what the State says is the plain meaning of accused. Mr. Dice disagrees with the State's interpretation of the word accused. The word accused refers to when the right to counsel attaches. It doesn't speak to when it ends. The State cites Betterman v. Montana out of the U.S. Supreme Court with respect to accused. But that was a speedy trial case, and the outcome of that case did not turn on any kind of finding with respect to when the right to counsel is no longer there. And, in fact, the U.S. Supreme Court has elsewhere held that the right to counsel does attach for post-plea, post-sentencing proceedings. But your argument is not quite a constitutional argument, right? Your argument is that the rule that this Court has adopted to ensure that constitutional rights are protected, that the rule that usually is seen as the rule before conviction should be applied post-conviction in the procedural position of a motion withdrawal plea. That's your argument, right? Your Honor, I would argue both that it was both constitutional and statutory. So the rule is there sort of to give effect to the constitutional right to not waive counsel unless it's knowing and intelligent. And certainly it applies here. The State is incorrect that it's well-established that accused ends at sentencing. In fact, the Illinois Constitution recent Crime Victims' Rights Amendment sets forth. Could I take a minute because the yellow light's on? Tell me about 401, though. Sure. The 401 requires that a person accused of an offense, and obviously this is post-conviction here, must be informed of certain things before the waiver of counsel, the nature of the charge, the maximum and minimum sentence, and the right to counsel if he's interested to have one appointed for him. Certainly he knew that he had a right to be a counsel appointed for him. That was what all the colloquy was about, right? Sure. He knew that. And then, as has been argued, he's not accused of offense at this point. He's been he's plead guilty to it. And he's just, in part of that plea of guilty, was told the nature of the charge and told what the sentences were and, in fact, had a sentence imposed upon him. Why should we interpret Rule 401 to apply in this context? Your Honor, I want to point out that accused does not end a conviction or sentencing. The Illinois Crime Victims' Rights Amendment uses the word accused to even refer to a defendant who is about to be released from a prison sentence. That's paragraph A-6 of the Crime Victims' Rights Act. It says the right to be notified of the imprisonment and release of the accused. Similarly, this court has referred to the accused in cases pending on appeal and So, counsel, at what point does an accused change to convicted? It's not a change, Your Honor. It's an addition. The accused becomes also convicted. So the two terms can be used interchangeably? That's what you're suggesting? They are in the Illinois Constitution. No, I'm asking, in this case, are you saying that the two terms are interchangeably used and so that, in this case, the defendant remained accused throughout and he was never convicted? Absolutely, Your Honor. Okay. Let's go through 1, 2, and 3 again. Are you saying, was he at any point informed in this post-police setting that he had a right to counsel? And that if he was indigent, to have a conviction? Yes, Your Honor. That's the one that was complied with. Okay. The other two were not. So he pleads guilty, he's told the nature of the charge, he's told the maximum minimum sentence, and he's given a sentence. And now when he tries to withdraw his plea, he's to be informed of exactly the same thing. You're saying that's what this rule is drafted to achieve, correct? Yes, Your Honor. Consistent with this Court's decision, People v. Haynes, the admonishments that are relevant to a waiver of counsel are those given at the time that the defendant expresses that. And so these admonishments regarding, and I see my time is up, regarding the sentence given at the plea, it was a different proceeding. It was not where he was requesting to waive counsel. So at the time of the post-plea, he knew what his sentence was, correct? He knew what he had been sentenced to, but that was not admonished, he was not readmonished as to the sentencing range that he would be facing where his motion to withdraw the guilty plea to be successful. Thank you. Thank you. Counsel to reply. Good morning again, Your Honors. Just three quick points on rebuttal. First, with respect to the jurisdiction issue, it is true that defendant did have options even once Walls came down. If he had been mistaken about the timeliness requirements, once Walls came down, defendant could have filed a post-conviction petition alleging ineffective assistance of counsel, or he could have moved at that time for a supervisory, moved this Court to exercise its supervisory authority. So defendant did have options even if he had mistakenly relied on Feldman once Walls came down. Then, turning quickly to the 401A admonition issue, first, it is not the definition of accused from the people. This is the definition of accused from the dictionary, from the United States Supreme Court, from how this term is used in Illinois law. And as pointed out, defendant's definition of accused would continue ad infinitum. He would always remain an accused person. So 401A would apply post-conviction petition, appeal, essentially, until there's no known end to when it would apply under defendant's interpretation. And then finally, with respect to the knowing involuntary waiver, as I believe defendant concedes, he has no choice of counsel with respect to appointed counsel. And there's really nothing a trial court can do if a defendant refuses to cooperate with appointed counsel, multiple appointed counsels. And indeed, if at some point defendant isn't given a choice whether to proceed pro se or to proceed with his appointed counsel, his or her appointed counsel, then there could be no way for the trial court to proceed with the case at that point. So unless this court has any further questions, we would ask this court to reverse the judgment of the appellate court. Thank you very much. This case is agenda number five, number 130082, People of the State of Illinois. This is Robert Dias from TACA under advisement. Thank you both for your arguments.